# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# COVINGTON DIVISION

| | |
|---|---|
| **KRISTEN MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )  **Case No.** |
| | ) |
| v. | ) |
| **FRONTDOOR, INC.** and | ) |
| **AMERICAN HOME SHIELD CORP.** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' NOTICE OF REMOVAL

Frontdoor, Inc. ("Frontdoor") and American Home Shield, Corporation ("AHS"), (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action from the Circuit Court of Boone County, Kentucky to the United States District Court for the Eastern District of Kentucky. In support of removal, Defendants state as follows:

### COMMENCEMENT OF ACTION IN STATE COURT

1. Plaintiff Kristen Moore ("Plaintiff") filed her Complaint on October 19, 2021, in the Circuit Court for Boone County, Kentucky, Case No. 21-CI-01264. The Complaint was served upon CT Corporation System on October 19, 2021. (*See* **Exhibit A** – Summons and Complaint).

### JURISDICTION – GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

2. Plaintiff purports to be a resident of Kentucky. (*See* **Exhibit A** – Complaint, ¶ 1.)

3. For federal diversity jurisdiction purposes, a corporation is a citizen in which it has been incorporated and in which it has its principal place of business. *Bradaschia v. Cofap of*

*Am., Inc.,* NO. 99-4260, 2000 U.S. App. LEXIS 34003, at *6 (6th Cir. Dec. 27, 2000). In *Hertz Corp. v. Friend*, 559 U.S. 77, 81-82 (2010), the U.S. Supreme Court clarified that the phrase "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities" also known as a corporation's "nerve center."

4. AHS and Frontdoor are incorporated in Delaware with their principal places of business in Tennessee. (*See* Exhibit A – Compl., ¶¶ 2-3.)[1]

5. Thus, for purposes of diversity jurisdiction, Defendants are citizens of the States of Delaware and Florida, and thus shows by a preponderance of the evidence that complete diversity of all parties exists. Therefore, this action is properly removable to federal court based on diversity of jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

6. This Notice of Removal is being filed in the United States District Court for the district within which the action is currently pending. This Notice of Removal is being filed within thirty (30) days after service of process of the pleading in which the basis for removal was asserted, and is therefore timely filed under 28 U.S.C. § 1446(b).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

7. Plaintiff seeks an unspecified amount of actual and compensatory damages, including back pay, front pay, past and future lost benefits, and damages for emotional distress, mental anguish, humiliation, and embarrassment. (*See* Exhibit A – Prayer for Relief). Plaintiff also seeks punitive damages and attorney's fees and costs.[2] *See id.* Here, Plaintiff's action is

---

[1] (https://web.sos.ky.gov/ftshow/(S(52knc41ykth3cn1ggzghbb53))/default.aspx?path=ftsearch&id=0114005&ct=09&cs=99999&ce=2z3dSvlJ33Nx2Rw9AYk34GcUI3PWDdRhn5LPUz3BA%2f3vdqQJu4gNivtydzaoVHns (as of Nov. 8, 2021); https://sec.report/Document/0001193125-21-311279/ (as of Nov. 8, 2021).)

[2] While Plaintiff seeks punitive damages in her Prayer for Relief, punitive damages are not recoverable under the KCRA. *See Brooks v. Lexington-Fayette Urban County Housing Authority*, 132 S.W.3d 790, 808-809 (Ky. 2004) (wherein the Kentucky Supreme Court recognized that punitive damages were not an available remedy under the KCRA).

removable as it is "more likely than not" that the amount in controversy requirement is met due to the nature of the relief sought. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007) (holding that for diversity removal purposes a defendant must only show that amount in controversy "more likely than not" exceeds $75,000).

8.  Plaintiff was employed by AHS as a Senior Business Development Manager covering territory in and around southwest Ohio, Kentucky, and part of southeast Indiana. (*See* Exhibit B, ¶ 4).[3] In 2021, Plaintiff's regular earnings were $52,500.04, and her total compensation earned as of her resignation on July 20, 2021, including incentive compensation, was $89,458.17. (*See* Exhibit B, ¶ 5). Plaintiff's potential back pay award from the time of her termination to the date of this removal (3 months) is already at $38,339.22. This figure will increase dramatically between now and the potential trial date.

9.  Plaintiff also seeks an unspecified sum for front pay damages. Although Defendants deny that such relief would be appropriate, front pay damages in cases brought under the KCRA could potentially be measured in a period of years. An award of just one year of front pay in this case would total approximately $153,356 – exceeding the $75,000 threshold by itself.

10. In addition, Plaintiff is seeking an award of compensatory damages (*See* Exhibit A, Prayer for Relief). Plaintiff's compensatory damages, if recovered, may include a variety of intangible, non-economic losses which courts consider in determining whether the value of a plaintiff's claims potentially exceeds the jurisdictional minimum. *See McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994) (noting the plaintiff's claims for damages arising from physical injury, medical expenses, mental suffering, and emotional distress should have alerted the defendant the plaintiff was seeking an amount in excess of the jurisdictional minimum regardless

---

[3] The Declaration of Kate Morrissee is attached here to as Exhibit B.

of the merit of these claims). Damages under the KCRA are not capped. *See Ky. Dept. of Corr. v. McCullough*, 123 S.W.3d 130, 133 (Ky. 2003).

11. Plaintiff further alleges Defendants are liable for her attorney's fees pursuant to statute. (*See* Exhibit A, Prayers for Relief). "[R]easonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 630 n. 5 (6th Cir. 2009). Such is the case here, as Plaintiff brings this action under the KCRA. The KCRA provides for recovery of attorney's fees by the successful party. *See* KRS § 344.450. Furthermore, given the complexity of cases arising under the KCRA, it is highly likely that an award of attorney's fees could alone satisfy the amount-in-controversy requirement. *See Bierne v. Faurecia Exhaust Sys.*, No. 3:13-CV-01156-CRS, 2014 U.S. Dist. LEXIS 111773, at *7-8 (W.D. Ky. Aug. 12, 2014) (noting the "very real possibility" that sufficient fees would accrue over the course of the remainder of the litigation to satisfy the jurisdictional amount). Therefore, a reasonable estimate of such fees is included in assessing the amount in controversy. A conservative estimate of the attorney's fees at issue in this case should Plaintiff prevail on her claim for attorney's fees could be in excess of $75,000 in and of itself (250 hours x $325.00 per hour).

12. Thus, although Defendants contend Plaintiff is not entitled to any damages in this action whatsoever, for removal and diversity purposes only, the amount in controversy "more likely than not" exceeds $75,000 when considering the value of Plaintiff's potential claims for back and front pay, compensatory damages, and attorney's fees, as of the date of the Notice of Removal and even given conservative estimates for each element of Plaintiff's claimed damages.

13. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332. Removal is appropriate pursuant to 28 U.S.C. § 1441(b) because a preponderance of the evidence (*i.e.,* the

relief requested in Plaintiff's Complaint) suggests the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states (Kentucky and Delaware/Tennessee).

## PROCESS AND PLEADINGS

14. Defendants have been served with a Summons and Complaint. (*See* Exhibit A – Complaint). Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings, and orders served upon Defendants are attached hereto. The foregoing constitutes the only process, pleading, or other papers served upon Defendant.

## NOTICE TO PLAINTIFF AND STATE COURT

15. In accordance with 28 U.S.C. § 1446(d), Defendants will file with the clerk of the Circuit Court for Boone County, Kentucky a Notice of Filing this Notice of Removal, and are contemporaneously giving Notice to the Plaintiff of this removal. (*See* Exhibit C – Notice of Filing Notice of Removal).

**WHEREFORE,** Defendants remove this action from the Circuit Court for Boone County, Kentucky to the United States District Court for the Eastern District of Kentucky.

This 8th day of November, 2021.

    Respectfully submitted,

    s/Mark E. Stamelos
    Mark E. Stamelos, KY BPR# 95239
    **FORDHARRISON LLP**
    150 3rd Avenue South, Suite 2010
    Nashville, TN  37201
    Telephone:  (615) 574-6704
    Facsimile:  (615) 574-6701
    mstamelos@fordharrison.com

    **ATTORNEY FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following by electronic means via the Court's CM/ECF system, this 8th day of November, 2021:

>Christopher P. Finney (KY BPR # 85250)
>Stephen E. Imm (OH Bar # 0040068)
>Rebecca Simpson Heimlich (OH Bar # 0064004)
>Finney Law Firm, LLC
>Attorneys at Law
>4270 Ivy Pointe Blvd, Suite 225
>Cincinnati, OH 45245
>(513) 943-5678
>Chris@FinneyLawFirm.com
>Stephen@FinneyLawFirm.com
>Rebecca@FinneyLawFirm.com

>s/Mark E. Stamelos
>Mark E. Stamelos